[No. 7,997.—Department Two.]

IN THE MATTER OF THE ESTATE OF J. N. MONTGOMERY.

MOTION TO SET ASIDE JUDGMENT IN THE SUPREME COURT—ESTATES OF DECEASED PERSONS—SETTING ASIDE HOMESTEAD FOR USE OF FAMILY.— Upon an appeal from an order setting aside a homestead in the Probate Court judgment was affirmed, on the ground that there was no appearance, and no points on file on behalf of appellant; and afterwards appellant's counsel moved to set aside the judgment.

*Held:* Though not prepared to say that the facts relied upon would constitute a case of mistake, inadvertence, surprise, or excusable neglect, the Court would be disposed to go as far as the law would permit for the purpose of having the case heard on its merits, if it could discover any merit in the appeal; but is satisfied, after a careful inspection of the record, that there was no error.

APPEAL from an order in the Probate Court of Tehama County setting aside a homestead to the family of deceased. MAYHEW, J.

The record on appeal consisted of the petition of the widow of deceased to have the homestead set apart for the use of the family, an order setting the thirteenth day of June, 1878, for the hearing of the petition, and directing notices to be posted, with an affidavit of posting, and the decree setting aside the homestead, the last of which is dated November 5, 1878. A petition for hearing in bank was filed in this case after judgment, and denied.

*Chipman & Garter*, for Appellant.

*R. A. Redman* and *A. M. Roseborough*, for Respondent.

The Court:

The notice of appeal was served and filed on the third day of January, 1879. At the recent session of this Court, at Sacramento, the case being duly on the calendar, was called, and, there being no appearance on behalf of the appellant, nor any points or authorities on file, the judgment, on motion of respondent's attorney, was affirmed.

Appellant's counsel now moves to have said order of affirmance vacated on the ground that negotiations were pending at and before said cause was called for argument, which induced them to believe that respondent's counsel would consent to a continuance, and appellant's counsel sent a dispatch to I. S. Belcher, Esq., which he did not receive until after said cause had been called and said judgment affirmed, requesting him to be present when the case should be called and request a continuance of it.

Conceding, as we do, that this dispatch, according to the usual time required for the transmission of dispatches from the telegraph office in which it was deposited to Sacramento, should have reached Mr. Belcher before the opening of the Court on the day that said cause was reached on the calendar for argument, we are not prepared to say that it would constitute a case of mistake, inadvertence, surprise, or excusable neglect for which the appellant should be relieved from the judgment taken against him. If, however, we could discover any merit in this appeal or any question as to the correctness of the order appealed from, we might very naturally feel disposed to go as far as the law would permit us to go for the purpose of having the cause heard and disposed of upon its merits. But this appeal is from the order of the Court setting apart a homestead for the widow and children of the deceased out of his estate. It does not appear from the record that any provision of the Code was violated in so doing, and the process by which homesteads are required to be set apart is too plain and simple to admit of error, except through gross carelessness. We are aware that, as a general rule, counsel are entitled to be heard upon every point which they deem it their duty to raise. But to this rule there is at least one exception, and that is, that when it is perfectly apparent

to this Court upon the face of the record that no error was committed by the Court below, this Court will not *ex mera gratia* set aside a judgment in order to afford counsel an opportunity to argue questions which are too well settled to admit of doubt. And after a careful inspection of the record in this case, we are satisfied that no amount of argument could convince us that the order of the Court below should be reversed.

Motion denied.